NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS RICARDO CERVANTES MONTOYA; MIRYAM PATRICIA RONDON PINO; DIANA INES CERVANTES RONDON; ROBERTO CARLOS CERVANTES RONDON, | No. 25-4939 Agency Nos. A240-854-446 A240-854-447 A240-854-448 A240-854-449 |
| Petitioners, | |
| v. | MEMORANDUM* |
| TODD BLANCHE, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Carlos Ricardo Cervantes Montoya ("Cervantes Montoya"), Cervantes

Montoya's wife Miryam Patricia Rondon Pino, and their two children, Diana Ines

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel previously granted the parties' joint motion to submit this case on the briefs and record. *See* Dkt. Nos. 21, 23.

Cervantes Rondon and Roberto Carlos Cervantes Rondon, (collectively,

"Petitioners"), are natives and citizens of Peru.[1]  Petitioners seek review of the

Board of Immigration Appeals' ("BIA") denial of their second motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252(b) to review

Petitioners' challenge to the BIA's denial of their motion to reopen.  We deny the

petitions.

"This court reviews BIA denials of motions to reopen for abuse of discretion

. . . ."  *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003).  The BIA abuses its

discretion when its decision is "arbitrary, irrational, or contrary to law."  *Lona v.*

*Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020) (quoting *Go v. Holder*, 744 F.3d 604,

609 (9th Cir. 2014)).

The BIA did not abuse its discretion in determining that Petitioners' motion

claiming ineffective assistance of counsel was a second, number-barred motion to

reopen.  Motions claiming ineffective assistance of counsel are "properly deemed a

motion to reopen."  *Iturribarria*, 321 F.3d at 897.  Subject to exceptions that are

---

[1] Cervantes Montoya's wife and children did not file separate applications, so their claims are derivative of Cervantes Montoya's asylum application.  Under the Immigration and Nationality Act ("INA"), spouses and children may assert derivative asylum claims.  *See* 8 U.S.C. § 1158(b)(3).  The INA does not provide for derivative withholding claims, nor do the Convention Against Torture ("CAT") implementing regulations provide for derivative CAT claims.  *See* 8 U.S.C. § 1231(b)(3) (not providing derivative relief for withholding claims); 8 C.F.R. § 1208.16(c) (not providing derivative relief under CAT); *Oscar v. Bondi*, 135 F.4th 777, 779 n.1 (9th Cir. 2025).

not relevant here, an applicant may file only one motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). Thus, Petitioners' motion claiming ineffective assistance of counsel was numerically barred.

Moreover, the BIA did not abuse its discretion by declining to equitably toll the numerical limit on motions to reopen. "This court . . . recognizes equitable tolling of . . . numerical limits on motions to reopen . . . ." *Iturribarria*, 321 F.3d at 897. "A petitioner may receive equitable tolling when some extraordinary circumstance stood in the petitioner's way and prevented timely filing, and he acted with due diligence in pursuing his rights." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022) (citation modified).

Petitioners provide no explanation as to why they should be permitted to pursue their ineffective assistance of counsel claim in a second motion to reopen,[2] which was filed by the same counsel only nine days after their first motion to reopen. Indeed, Petitioners' first motion contained many of the same arguments regarding ineffective assistance that Petitioners raised again in their second motion. The record thus reflects no extraordinary circumstance that warrants equitable tolling.

Finally, the BIA did not abuse its discretion in concluding that Petitioners failed to satisfy the requirements for making a procedural due process claim based

---

[2] Petitioners did not appeal the denial of their first motion to reopen.

on ineffective assistance of counsel.  "Before the [BIA] will consider an ineffective assistance of counsel claim," Petitioners must satisfy the "threshold procedural requirements" described in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *Reyes v. Ashcroft*, 358 F.3d 592, 596 (9th Cir. 2004).  Here, Petitioners did not satisfy *Lozada*'s requirements, and the record does not reflect that Petitioners should be excused from doing so.  *See id.* at 597-98.  Therefore, the BIA's denial of Petitioners' second motion to reopen did not violate due process.  *Lata v. INS.*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process claim).

**PETITIONS DENIED.**[3]

---

[3] Petitioners' opposed motion to stay removal (Dkt. No. 1) is denied.  The temporary stay of removal entered pursuant to General Order 6.4(c) is lifted, effective immediately.

4